JESSIE E. CONFROY, PLAINTIFF-RESPONDENT, v. MUNICIPAL EMPLOYEES PENSION FUND OF THE CITY OF NEWARK AND THE CITY OF NEWARK, DEFENDANTS-APPELLANTS.

Submitted October 6, 1942—Decided October 30, 1942.

Before Justices BODINE, HEHER and PERSKIE.

For the defendants-appellants, *Raymond Schroeder.*

For the plaintiff-respondent, *Charles E. McCraith, Jr.*

The opinion of the court was delivered by

BODINE, J. The plaintiff, who had judgment, was employed December 20th, 1928, by the City of Newark as a clerk telephone operator in the Department of Public Works at a salary of $1,440 a year. When her employment commenced, she was nineteen years of age. She never made application for a pension. No deductions were made from her salary until August 1st, 1941, and no contributions equal to four per cent. of her salary were ever made by the city. On May

20th, 1941, she notified the city that she did not desire to be bound by the provisions of *N. J. S. A.* 43:13-2. However, from her salary, for the months of August to December, 1941, inclusive, was deducted three per cent. of her salary for those months, and an interest charge of three per cent. on the excess of salary paid to her—three per cent. having never been previously deducted. For these sums judgment was entered in her favor. This money had been paid into the treasury of the pension fund by the city.

The rights of the parties are governed by the provisions of the Pension Act. Newark is a first class city.

*N. J. S. A.* 43:13-2 provides in part: "For the purposes of this article the words 'municipal employee' or 'employee,' mean and include any employee of a city of the first class holding a position of permanent employment and recognized as a permanent appointee." The plaintiff was such employee.

By *N. J. S. A.* 43:13-3, upon serving twenty years and attaining the age of sixty, she was entitled to retire on half pay if within the act. It was further provided in *N. J. S. A.* 43:13-9, for the purpose of paying the pension, "a. There shall be deducted from every payment of salary to a municipal employee benefited by this article three per cent. of the amount thereof and if any employee shall hereafter enter the service of the municipality after reaching the age of thirty-five years, such percentage shall be increased to such an amount as shall be determined by the pension commission to correspond to the risk arising by the age of such employee. b. The city shall raise by taxation and pay into the fund yearly an amount equal to four per cent. of the total salaries paid to the employees who shall benefit by this article."

*N. J. S. A.* 43:13-12 provides as follows: "If any municipal employee shall decline to accept the provisions of this article he shall notify the pension commission in writing of the fact that he does not desire to be bound by the provisions thereof, and in such event no payments or deductions shall be made from the salary of such employee, but neither such employee nor any of his dependents shall receive any pension under the provisions of this article."

N. J. S. A. 43 :13-21 provides as follows: "Any municipal employee applying for membership after July first, one thousand nine hundred and twenty-nine, in the pension fund created in such city under this article shall pass a physical examination satisfactory to and conducted by a physician designated by the pension commission. At the time of his application for membership and the benefits of this article and before being admitted to membership and the benefits of this article, the applicant shall produce a certificate of good health signed by this physician." This enactment was chapter 95 of the laws of 1929, page 149, so it is not binding upon the plaintiff, her employment having been prior to its enactment.

From the general legislative scheme it is apparent that membership by city employees in the pension fund was not compulsory. The plaintiff was free to decline membership in the fund as she did. N. J. S. A. 43 :13-12. Such declination was made prior to the time that any deduction was made from her salary. Further, no contributions to the fund were ever made by the city as required by law.

The cases dealing with police pension funds as typified by *Sheehan* v. *Lee,* 96 *N. J. L.* 341; *Van Horn* v. *Donnelly, Id.* 345, and *Hoff* v. *Lee,* 98 *Id.* 883, are inapplicable.

The benefits of the fund were not designed for all city employees but for those who had contributed, according to the legislative provisions, and latterly those who qualify as a result of examination.

We think the plaintiff was free to decline the benefits, as she did, prior to the time that any deductions were made.

The other points argued by appellant have been carefully considered and are without merit.

The judgment is affirmed, with costs.